UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- *v.* -

MICHAEL AVENATTI,

Defendant.

S1 19 Cr. 373 (PGG)

**THE GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE***

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

**TABLE OF CONTENTS**

ARGUMENT ..... 1

I. Relevant Background ..... 1

II. Applicable Law ..... 2

A. Good Faith – Generally ..... 2

B. Advice-of-Counsel Defense ..... 3

C. Notice of and Discovery Concerning an Advice-of-Counsel Defense ..... 5

D. Federal Rule of Evidence 104 ..... 6

III. Discussion ..... 8

A. The Defendant Should Be Ordered Promptly to Provide Written Notice and Discovery Concerning Any Alleged Advice-of-Counsel Defense ..... 8

B. The Defendant Should Be Precluded From Offering Argument—Including in His Opening Statement, If Any—Concerning an Alleged Advice-of-Counsel Defense Unless and Until He Establishes an Admissible Factual Basis for the Elements of the Defense ..... 9

C. The Defendant Should Be Precluded From Otherwise Offering Argument—Including in His Opening Statement, If Any—Or Evidence Suggesting He Is Not Guilty Because Attorney-1 Purportedly "Approved" of the Lawfulness of the Defendant's Conduct ..... 10

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

## CASES

*Bourjaily v. United States*, 483 U.S. 171 (1987) .................... 6, 7

*Bryan v. United States*, 524 U.S. 184 (1998) .................... 3

*Carter v. United States*, 530 U.S. 255 (2000) .................... 3

*Lurie v. Wittner*, 228 F.3d 113 (2d Cir. 2000) .................... 5

*S.E.C. v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013) .................... 11, 12

*United States v. Ansaldi*, 372 F.3d 118 (2d Cir. 2004) .................... 3

*United States v. Atias*, No. 14 Cr. 403 (DRH), 2017 WL 563978 (E.D.N.Y. Feb. 10, 2017) .................... 5, 9, 11, 12

*United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989) .................... 4, 9

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .................... 5, 6

*United States v. Blagojevich*, 794 F.3d 729 (7th Cir. 2015) .................... 11, 12

*United States v. Brik*, No. 15 Cr. 78 (SRN), 2016 WL 3753080 (D. Minn. July 11, 2016) ..... 8, 10

*United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2332371 (S.D.N.Y. June 4, 2008) ........ 6

*United States v. Calderon*, --- F.3d ---, 2019 WL 6482379 (2d Cir. Dec. 3, 2019) .................... 3

*United States v. Camacho*, 353 F. Supp. 2d 524 (S.D.N.Y. 2005) .................... 7

*United States v. Colasuonno*, 697 F.3d 164 (2d Cir. 2012) .................... 4, 10

*United States v. Crowder*, 325 F. Supp. 3d 131 (D.D.C. 2018) .................... 6

*United States v. DeJesus*, 806 F.2d 31 (2d Cir. 1986) .................... 7

*United States v. Evangelista*, 122 F.3d 112 (2d Cir. 1997) .................... 4

*United States v. George*, 386 F.3d 383 (2d Cir. 2004) .................... 3

*United States v. Greenspan*, 923 F.3d 138 (3d Cir. 2019) .................... 3, 4

*United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522 (E.D.N.Y. Jan. 8, 2010) ....... 5, 8

*United States v. Impastato*, 543 F. Supp. 2d 569 (E.D. La. Mar. 25, 2008) .................................. 8

*United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313 (S.D.N.Y. July 3, 2007)....... 12

*United States v. Paul*, 110 F.3d 869 (2d Cir. 1997)........................................................... 7

*United States v. Quinones*, 417 F. App'x 65 (2d Cir. 2011).................................................. 5, 10

*United States v. Rossomando*, 144 F.3d 197 (2d Cir. 1998) .......................................................... 3

*United States v. Sabir*, No. S4 05 Cr. 673 (LAP), 2007 WL 1373184 (S.D.N.Y. May 10, 2007) . 7

*United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441 (S.D.N.Y. Jan. 18, 2018).. 5, 7, 8

*United States v. Scully*, 877 F.3d 464 (2d Cir. 2017)............................................................... 4, 9

*United States v. Scully*, No. 14 Cr. 208 (ADS), 2015 WL 5826493 (E.D.N.Y. Oct. 6, 2015) ....... 7

*United States v. Svoboda*, 633 F.3d 479 (6th Cir. 2011) ............................................................ 3

*United States v. Valencia*, 826 F2d 169 (2d Cir. 1987) ................................................................ 6

*United States v. Van Allen*, 524 F.3d 814 (7th Cir. 2008) ........................................................ 4, 8

*United States v. Villegas*, 899 F.2d 1324 (2d Cir. 1990) ............................................................ 7

*United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527 (JMF), 2015 WL 3999074 (S.D.N.Y. June 20, 2015)........................................................................................................................ 6

*Williamson v. United States*, 207 U.S. 425 (1908) ........................................................................ 4

**OTHER AUTHORITIES**

Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 8-01 ........................................................ 2

Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 8-04 ........................................................ 4

Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5 ........................................................ 3

**RULES**

Fed. R. Evid. 103 ......................................................................................................................... 7

Fed. R. Evid. 104 ................................................................................................................. 6, 7, 12

Fed. R. Evid. 403 ....................................................................................................................... 12

Fed. R. Evid. 1101 ........................................................................................................................ 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

UNITED STATES OF AMERICA

- *v.* -

MICHAEL AVENATTI,

Defendant.

---------------------------------------------------x

S1 19 Cr. 373 (PGG)

**THE GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE***

The Government respectfully moves (1) for an order that the defendant promptly provide written notice and discovery materials concerning any purported advice-of-counsel defense and (2) to preclude the defendant from offering argument—including in his opening statement, if any—concerning alleged reliance on the advice or approval of counsel in engaging in the charged conduct, unless and until the defendant establishes an admissible factual basis for the required elements of an advice-of-counsel defense.

**ARGUMENT**

**I. Relevant Background**

Prior to the filing of the parties' motions *in limine*, the defendant advised the Government, in response to an inquiry, that he did not intend to advance an advice-of-counsel defense, and in particular, did not intend to advance such a defense based on any interactions between the individual identified as Attorney-1 in the Superseding Indictment and the defendant.

In his subsequently-filed Requests to Charge (Dkt. No. 97), however, the defendant asked for the jury to be instructed:

> If [the defendant] relied in good faith on the advice of [a particular lawyer, whom the Government refers to herein as Attorney-1] that

> his conduct was lawful, then he lacked the willfulness required to prove the offenses charged. [The defendant] relied in good faith on the advice of [Attorney-1] if: 1) before taking action, [the defendant] in good faith sought the advice of [Attorney-1] whom he considered competent to advise him on the matter; and 2) [the defendant] consulted [Attorney-1] for the purpose of securing advice on the lawfulness of his possible future conduct; and 3) [the defendant] made a full and accurate report to [Attorney-1] of all material facts that [the defendant] knew; and 4) [the defendant] acted substantially in accordance with [Attorney-1's] advice. The government bears the burden of proving the absence of good faith beyond a reasonable doubt.

(Def. Requests to Charge, No. 43(B).) The defendant labeled this proposed instruction "Good Faith Reliance on Counsel." (*Id.*)

The defendant further requested, apparently in the alternative, that the jury be instructed:

> In deciding whether [the defendant] acted in good faith, you may consider the fact that he obtained the assistance of [Attorney-1], an experienced criminal defense lawyer, to participate in all of the communications with Nike. Specifically, you may consider whether it appeared to [the defendant] that [Attorney-1] approved the statements made by [the defendant] in deciding [the defendant] had an honestly held belief that his acts were proper. The government bears the burden of proving the absence of good faith beyond a reasonable doubt.

(Def. Requests to Charge, No. 43(C).) The defendant labeled this proposed instruction "Good Faith Engagement of Counsel." (*Id.*)

## II. Applicable Law

### A. Good Faith – Generally

When fraudulent or wrongful intent or willfulness is an element of an offense charged, a defendant may request a "good faith" instruction that specifies that acting based on an honestly held belief negates the element of intent with respect that that offense. *See* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 8-01.

However, such an instruction is not applicable to charges that lack such an element. *See, e.g.*, *United States v. Svoboda*, 633 F.3d 479, 484 (6th Cir. 2011) (instruction not applicable where defendant was charged with presenting false identification, because the offenses required only that the defendant acted "knowingly"); *United States v. Ansaldi*, 372 F.3d 118, 128 (2d Cir. 2004) (instruction not applicable where defendants were charged with distributing and possessing with intent to distribute a controlled substance, because that offense requires only that the defendant act "knowingly or intentionally"), *abrogated on other grounds by McFadden v. United States*, 135 S. Ct. 2298 (2015). For such "general intent" statutes, "the background presumption that every citizen knows the law makes it unnecessary to adduce specific evidence to prove that 'an evil-meaning mind' directed the 'evil-doing hand.'" *Bryan v. United States*, 524 U.S. 184, 193 (1998). A "good faith" instruction has no place when such offenses are charged, because the government must prove only (at most) the defendant's knowledge of the facts comprising the offense, that is, "knowledge with respect to the *actus reus* of the crime," *Carter v. United States*, 530 U.S. 255, 269 (2000), not that the defendant acted with any specific intent in committing the crime. *See generally United States v. George*, 386 F.3d 383, 389-96 (2d Cir. 2004).[1]

**B. Advice-of-Counsel Defense**

The advice-of-counsel (or reliance-on-counsel) defense is a more specific form of the defense of good faith, available in limited circumstances in which a good faith instruction may otherwise be applicable. *See, e.g.*, *United States v. Greenspan*, 923 F.3d 138, 146 (3d Cir. 2019);

---

[1] Contrary to the apparent position taken by the defendant in his Requests to Charge, if the Court gives a good faith instruction, and the requirements are met at trial, it should also give a no ultimate harm instruction, particularly if, as it appears from other submissions, the defendant argues that he believed that Client-1 might ultimately benefit from the defendant's actions. *See, e.g.*, *United States v. Calderon*, --- F.3d ----, 2019 WL 6482379, at *11-12 (2d Cir. Dec. 3, 2019); *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998); *see also* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5.

*see also* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 8-04. Advice-of-counsel "is not a free-standing defense." *United States v. Van Allen*, 524 F.3d 814, 823 (7th Cir. 2008) (internal quotation marks omitted).

To establish a colorable advice-of-counsel defense, and thus be entitled to a jury instruction with respect to those offenses to which it may apply, the defendant must be able to identify admissible evidence that:

> 1. Before taking action, he in good faith sought the advice of an attorney whom he considered competent to advise him on the matter; and
> 2. He consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct; and
> 3. He made a full and accurate report to his attorney of all material facts that he knew; and
> 4. He then acted strictly in accordance with the advice of this attorney.

*United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017) (In addition to the model instruction in Sand *et al.*, *Modern Federal Jury Instructions*, "[w]e also refer district courts to the model instructions drafted by our sister circuits, particularly the Seventh Circuit's model, which reads [as set forth above]."); *see also Williamson v. United States*, 207 U.S. 425, 453 (1908); *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012); *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989).[2]

"Each requirement must be satisfied." *Colasuonno*, 697 F.3d at 181. Where the defendant fails to meet one or more requirement, he is not entitled to a jury instruction. *Id.*; *see also, e.g.*, *Greenspan*, 923 F.3d at 146-47; *Scully*, 877 F.3d at 476; *Evangelista*, 122 F.3d at 117. Nor is he entitled to argue, directly or indirectly, that he has such a defense. *See, e.g.*, *United States v.*

2 The defendant states that the fourth prong is "substantially in accordance," rather than "strictly in accordance." (Def. Requests to Charge, No. 43(B).) As he acknowledges (*see id.* at n.56), those are not the words in the model instruction that he otherwise relies upon.

*Quinones*, 417 F. App'x 65, 67 (2d Cir. 2011) (affirming denial of instruction and order precluding defense from arguing advice of counsel; "defendants are not entitled to such an instruction unless there are sufficient facts in the record to support the defense," and "the defendants [in this case] have not shown the required factual predicate for an advice-of-counsel defense"); *United States v. Atias*, No. 14 Cr. 403 (DRH), 2017 WL 563978, at *3 (E.D.N.Y. Feb. 10, 2017) ("All available information indicates that the [pertinent] attorney represented [another], not defendants. Accordingly, the term 'advice of counsel' should not be employed in referring to [the attorney]. Doing so would be legally inappropriate and likely to mislead the jury.").

In short, the "situations in which the advice-of-counsel defense may be employed are severely limited." *Lurie v. Wittner*, 228 F.3d 113, 134 (2d Cir. 2000).

**C. Notice of and Discovery Concerning an Advice-of-Counsel Defense**

Given the complexity and potential issues concerning an advice-of-counsel defense, courts routinely order defendants to provide notice of whether they intend to advance such a defense in advance of trial, and, if so, to provide discovery materials concerning the defense. *See, e.g.*, *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018). That "disclosure should include not only those documents which support [the] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense." *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010).

When a defendant asserts a defense based on his reliance on the advice of counsel, he waives any attorney-client privilege over his communications with the counsel. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving

purposes"). As a result, defendants asserting such a defense must disclose to the government "any communications or evidence defendants intend to use to establish the defense" and "even otherwise-privileged communications that defendants do *not* intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure in their entirety." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (internal quotation marks omitted; emphasis in original) (collecting cases). Failure to make such a disclosure results in forfeiture of the defense. *See Bilzerian*, 926 F.2d at 1291 (affirming refusal to let the defendant testify about his "good faith regarding the legality" of the charged conduct unless he was also subject to cross-examination regarding communications with his attorney); *see also United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527 (JMF), 2015 WL 3999074, at *1 (S.D.N.Y. June 20, 2015) (civil defendant asserting advice-of-counsel must "make a full disclosure during discovery and the failure to do so constitutes a waiver of that defense" (internal quotation marks omitted)).

**D. Federal Rule of Evidence 104**

Preliminary questions concerning the admissibility of evidence, including whether evidence is relevant or a privilege exists, are to be determined by the Court. Fed. R. Evid. 104(a). The Court has discretion to order a hearing to assist it in resolving such questions. Fed. R. Evid. 104(c)(3) (the court "must conduct a[] hearing" when "justice so requires"). The Court's authority to resolve such questions is rooted in its "inherent authority to manage the course of trials." *United States v. Valencia*, 826 F2d 169, 171 (2d Cir. 1987) (internal quotation marks omitted). At such a hearing, and more generally, the proponent of evidence bears the burden of demonstrating its admissibility by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2332371, at *1 (S.D.N.Y. June 4, 2008) ("As the proponent of the proposed testimony, defendant

has the burden of establishing admissibility by a preponderance of the evidence."); *United States v. Sabir*, No. S4 05 Cr. 673 (LAP), 2007 WL 1373184, at *6 (S.D.N.Y. May 10, 2007) (the "burden of showing that proffered testimony is offered to negate the *mens rea* element of a crime and not in support of some improper defense theory falls squarely on the defendant" (internal quotation marks omitted)); *United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("defendants as proponents of the evidence bear the burden of [admissibility]").

The Federal Rules of Evidence, other than with respect to privileges, do not apply at a preliminary hearing. Fed. R. Evid. 104(a); Fed. R. Evid. 1101(d)(1). Accordingly, statements that would be inadmissible hearsay at trial are admissible at such a hearing. *See, e.g.*, *Bourjaily*, 483 U.S. at 178; *United States v. DeJesus*, 806 F.2d 31, 34 (2d Cir. 1986).

One circumstance in which a preliminary hearing may be ordered is to determine the propriety of a proffered defense. *See, e.g.*, *United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law."). This is so for good reason: "no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). A preliminary hearing may be ordered to consider a proffered advice-of-counsel defense just as it may be ordered to consider any other defense. *See United States v. Scully*, No. 14 Cr. 208 (ADS), 2015 WL 5826493 (E.D.N.Y. Oct. 6, 2015) (ruling concerning advice-of-counsel defense after a hearing); *see also Scali*, 2018 WL 461441, at *8 n.4 ("Guided by efficiency and judicial economy, it behooves the Court to address [advice of counsel] before trial.").

Alternatively, a court may order a defendant not to offer evidence in front of the jury in support of a proffered advice-of-counsel defense until such time as there is a sufficient basis in the record. *See, e.g.*, *United States v. Brik*, No. 15 Cr. 78 (SRN), 2016 WL 3753080, at *4 (D. Minn. July 11, 2016) ("Only after hearing witness testimony will the Court be in a position to determine whether such evidence is admissible. Defense counsel shall request a sidebar or hearing outside the presence of the jury prior to eliciting any testimony that concerns legal communications . . . .").

## III. Discussion

### A. The Defendant Should Be Ordered Promptly to Provide Written Notice and Discovery Concerning Any Alleged Advice-of-Counsel Defense

As noted above, for first time, in the defendant's Requests to Charge, he raised the prospect of advancing an advice-of-counsel defense. However, the defendant has not provided any notice of an intention to advance such a defense, including any description of "the advice" on which the defendant intends to rely (Def. Requests to Charge, No. 43(B)). Nor has the defendant provided any other material information about the bases or contours of this alleged defense, including what count or counts the defendant believes it may impact. As described above, advice-of-counsel "is not a free-standing defense." *Van Allen*, 524 F.3d at 823 (internal quotation marks omitted).[3]

Accordingly—and particularly since, as discussed below, there appears to be no valid basis for the defense—the defendant should be ordered promptly to provide (i) written notice of any alleged advice-of-counsel defense, including its bases, scope, and to which counts he believes it applies, and (ii) any discovery materials in support of this defense, to the extent not already in the Government's possession. *See Scali*, 2018 WL 461441, at *8; *Hatfield*, 2010 WL 183522, at *13.[4]

---

[3] Although the Court need not decide the issue for present purposes, the Government notes that it is at least unclear whether advice-of-counsel is a legal defense to an extortion charge. *See United States v. Impastato*, 543 F. Supp. 2d 569, 576-79 (E.D. La. Mar. 25, 2008).

[4] The defendant has advised the Government that he has no such discovery materials.

### B. The Defendant Should Be Precluded From Offering Argument—Including in His Opening Statement, If Any—Concerning an Alleged Advice-of-Counsel Defense Unless and Until He Establishes an Admissible Factual Basis for the Elements of the Defense

The Government is unaware of any basis for the defendant to offer an advice-of-counsel defense. Indeed, the defendant appears unable to meet a single part of the rigorous four-part test. As an initial matter, Attorney-1 was not retained or serving as counsel to the defendant, nor has the defendant contended to the contrary at any point. That alone warrants preclusion. *See Atias*, 2017 WL 563978, at *3.

In any event, "[i]nherent in the concept of advice of counsel is that the defendant sought an attorney's advice as to what he could lawfully do in the future." *Beech-Nut Nutrition Corp.*, 871 F.2d at 1195; *see also Scully*, 877 F.3d at 478 (defense requires that, "[b]efore taking action, he in good faith sought the advice of an attorney"). Here, the Government is unaware of any factual basis, in the recordings or other communications between the defendant and Attorney-1 (which include text messages and emails), to find that, prior to engaging in the charged conduct, the defendant spoke with Attorney-1 "for the purpose of securing advice on the lawfulness of [the defendant's] possible future conduct," *id.* Nor is there any factual basis of which the Government is aware to find that, before acting, the defendant "made a full and accurate report" to Attorney-1 of all "material facts," *id.* Attorney-1 never met or communicated with Client-1, much less was provided with a full understanding of Client-1's goals and then rendered advice to the defendant about the "lawful[]" way to achieve them.[5]

In short, the defendant cannot come close to establishing a basis in admissible evidence for an advice-of-counsel defense. Until such time as he does so, any argument in support of such a

---

[5] Indeed, the Government understands that the defendant misstated material facts concerning Client-1 to Attorney-1 (although the defendant would not be entitled to the defense in any event).

defense—including in the defendant's opening statement, if any—should be precluded. *See, e.g.*, *Quinones*, 417 F. App'x at 67. For the same reasons, the defendant should be precluded from offering evidence for the purported purpose of attempting to satisfy any of the requirements of an advice-of-counsel defense, unless he first establishes, either in a preliminary hearing before or during trial, or by relying on evidence otherwise admissible at trial, that he has sufficient admissible evidence to satisfy all the defense's requirements. *See, e.g.*, *Colasuonno*, 697 F.3d at 181; *Brik*, 2016 WL 3753080, at *4.

### C. The Defendant Should Be Precluded From Otherwise Offering Argument—Including in His Opening Statement, If Any—Or Evidence Suggesting He Is Not Guilty Because Attorney-1 Purportedly "Approved" of the Lawfulness of the Defendant's Conduct

As described above, in addition to asking for an advice-of-counsel instruction (albeit in flawed form), the defendant seeks a "Good Faith Engagement of Counsel" instruction, in which he asks this Court to instruct the jury that it "may consider the fact that [the defendant] obtained the assistance of [Attorney-1], an experienced criminal defense lawyer, to participate in all of the communications with Nike," and "whether it appeared to [the defendant] that [Attorney-1] approved the statements made by [the defendant]." (Def. Requests to Charge, No. 43(C).) This instruction appears to be an invention of the defendant—who says without elaboration in a footnote that it is "[a]dapted" from *Scully* (*id.* at n.57), a decision that does not support what the defendant seeks. It should not be given.[6]

Nor should the defendant be permitted to advance what would amount to a quasi-advice-of-counsel defense—that is, having failed to meet the requirements for the defense, to argue

[6] Even were this proposed instruction grounded in both the law and admissible evidence—and it is grounded in neither—the Court should not in such or any other instruction include apparent assertions of fact, particularly where their relevance or meaning may be contested, such as that the defendant "obtained the assistance" of Attorney-1, an "experienced criminal defense lawyer," for a particular purpose (Def. Requests to Charge, No. 43(C)).

nonetheless that he should not be found guilty because another lawyer purportedly "approved" of or did not object to the defendant's conduct (Def. Requests to Charge, No. 43(C)). That is precisely the kind of argument that is "likely to mislead the jury," *Atias*, 2017 WL 563978, at *3, into thinking that the defendant has a defense that the law says, in no uncertain terms, he does not have. The advice-of-counsel defense is subject to multiple and meaningful restrictions—including that a defendant seek the advice of lawyer acting as his lawyer, communicate all material facts to his lawyer, and strictly follow the advice of his lawyer—because a defense based on alleged legal advice or approval that does not meet these strictures is ripe for abuse. The defendant should not be permitted to engage in an end-run around the defense's requirements. *Cf. S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013) (The defendant "argues that the presence of lawyers is relevant to the overall context of the transaction, but that is such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury. A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction. . . . This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense."); *see United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015) (There is no "advice-of-counsel defense without demonstrating advice of counsel.").

To be sure, the defendant, if he elects to testify, and within the bounds of the Federal Rules of Evidence, may talk about whether he believed himself to be acting wrongfully. But that this subject is generally proper does not mean that all testimony (or other evidence, if any exists) purportedly offered on this subject is admissible, or that the defendant may argue that evidence means something that, as a matter of law, it does not. On the contrary, as discussed above, a

defendant is not permitted to offer evidence of the involvement of lawyers or to suggest that he should be acquitted because they purportedly approved of certain conduct unless the defendant can satisfy each of the several requirements of an advice-of-counsel defense. Accordingly, before the defendant offers any purported such evidence, to the extent not otherwise admissible, or argument in the presence of the jury, the Court should order a hearing under Rule 104. At a minimum, the defendant should have to describe such evidence or argument fully to the Court and the Government, so that it may be cabined, as is likely to be necessary, and the jury instructed appropriately.[7] And under no circumstance should the defendant be permitted to offer evidence or argument suggesting that the defendant relied on the "assistance" or "approv[al]" of another lawyer acting as a lawyer (Def. Requests to Charge, No. 43(C)), a defense that has no apparent basis in fact, no basis in law (unless he can establish an advice-of-counsel defense, which he cannot), and in any event fails under Federal Rule of Evidence 403. *See Atias*, 2017 WL 563978, at *3; *Tourre*, 950 F. Supp. 2d at 684.

---

7 Indeed, so problematic is the non-defense "defense" that the defendant appears interested in advancing that, if the defendant suggests he has such a quasi-defense or otherwise seeks acquittal on this ground, the Court should consider instructing the jury as to what the advice-of-counsel defense requires, that the defendant is not offering such a defense, and that the mere presence or involvement of Attorney-1 is not a defense. The Court should also, in any event, instruct the jury that it should not consider persons not on trial (*see* Gov't Requests to Charge (Dkt. No. 95), No. 23)). *See, e.g.*, *United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2007), *aff'd*, 369 F. App'x 242 (2d Cir. 2010). In addition, the defendant advancing such a quasi-defense would likely open the door to the Government pursuing a line of cross-examination or offering evidence or argument that the defendant retained or had access to other counsel, but was not suggesting that he told them what he intended or obtained their advance approval of his conduct. *Cf. Blagojevich*, 794 F.3d at 742 ("Having asserted that he consulted with counsel [without making out an advice-of-counsel defense], Blagojevich opened the door to evidence that he had other lawyers too yet was keeping mum about what they told him.").

## CONCLUSION

For the foregoing reasons, the Government's supplemental motion *in limine* should be granted.

Dated: New York, New York
December 20, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: s/ Daniel C. Richenthal
Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616